BY THE COURT.
The lien of Walpole’s decree was at an end when he arrested the bodies of the defendants on the ca. sa. and was subsequently attached to the thirty acres, another part of the one hundred acre tract. The judgment of Walpole of 1826, and the levy, bound the. land in dispute, until September, 182V, when the year expired from its date. The decree for costs, which followed the dismissal of the bill of injunction in chancery, did not revive the lien of the judgment. The lien was gone before the bill was filed, and was not affected by it. The decree for costs was a lien from its rendition in the Common Pleas, until discharged by the arrest on the ca. sa. If there were liens on the land prior to that of Stuble and Dalrymple, they still had a right to levy subject to them, and to sell, and if the other liens were afterwards discharged the purchaser would hold the estate. Such is the case here. Walpole’s decree, the only lien when Stuble and Dalrymple levied, was discharged. The order of the Common Pleas was, therefore, erroneous, and is reversed, with costs.
[Levy on part of land a loss of preference as to rest; Walpole v. Ink, 9 O. 142, 144.]